50 CCPA
Application of LIMESTONE PRODUCTS CORPORATION OF AMERICA.
Patent Appeal No. 6906.

United States Court of Customs and Patent Appeals.
Feb. 13, 1963.

**826**

Samuel Scrivener, Jr., Washington, D. C. (Scrivener & Parker, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

This is an appeal by Limestone Products Corporation of America from an adverse decision of the Trademark Trial and Appeal Board, 131 USPQ 393, on appellant's application to register on the Principal Register "CALCITE CRYSTALS" as a trademark for "Ground Limestone for use as a Poultry Feed Ingredient."

The board, in sustaining the examiner, denied registration on the ground that the alleged mark is a common descriptive name for appellant's goods.

Appellant, relying on Section 2(f) of the Trade-Mark Act of 1946, alleges that the mark has become, through long and extensive use, distinctive of its goods in commerce and that it is not a common descriptive name of its ground limestone product.

We must, therefore, determine whether the alleged mark "CALCITE CRYSTALS" is merely a common descriptive name of appellant's goods or whether it properly serves the function of a trademark to identify the goods and distinguish them from like goods sold by others.

In a well reasoned comprehensive opinion dispositive of the issues, the board found and held as follows:

"The record shows that applicant has, since 1923, manufactured and sold a poultry feed ingredient made of ground limestone in connection with which it has continuously used the notation 'CALCITE CRYSTALS.' During the period from September 1923 to May 1960, applicant sold over three hundred thousand tons of poultry feed supplement in containers bearing the notation 'CALCITE CRYSTALS,' with a total value in excess of two million dollars. During this same period, applicant extensively promoted and advertised 'LIME CREST CALCITE CRYSTALS' feed supplement in farm, garden, and other trade journals and by the distribution of booklets, pamphlets, and the like, at a cost in excess of eight hundred thousand dollars.

"The poultry feed ingredient in connection with which applicant uses the notation 'CALCITE CRYSTALS' is crushed limestone in crystalline form. Limestone is a well-known mineral identified as and referred to in chemical textbooks as calcium carbonate. According to Webster's New International Dictionary, Second Edition (1947), 'Calcite' is defined as calcium carbonate crystallized in hexagonal form. 'Calcite' is described in The Condensed Chemical Dictionary, Fifth Edition, as:

" 'The most common form of natural calcium carbonate. Dogtooth spar, Iceland spar, nailhead spar, and satin spar are varieties of *calcite crystal*. It is the essential ingredient of limestone, marble and chalk.' (Italics added.)

"It is apparent from the foregoing and excerpts from the Industrial Arts Index for the years 1931, 1939, and 1954 such as 'Variations in the grating constant of calcite crystals,' 'Quantitative measurement of the natural rate of growth of calcite crystals in geodes,' and 'Experimental deformation of calcite crystals,' respectively, that the notation 'CALCITE CRYSTALS' is not an

unusual or merely suggestive term as urged by applicant."

The board also pointed out that the appellant's containers for the goods bear the notation

"100 Lbs. Net Shell-Producer Calcite Crystals"

and that in advertising appellant refers to itself as the "World's Largest Producer of Crystalline Calcite Crystals" from which "Lime Crest Calcite Crystals" and "Lime Crest Barn Calcite" are its "two Lime Crest quality products." These facts indicated to the board that "CALCITE CRYSTALS" is used merely as a name for the goods.

The appellant contends that the name of the goods is "limestone" or "calcium carbonate" and that "CALCITE CRYSTALS" may be exclusively appropriated as a trademark for a poultry feed ingredient since the mark is not descriptive of a poultry feed ingredient. To show that the mark has acquired a secondary meaning, twenty-five affidavits were submitted.

In considering the affidavits, the board said:

"Applicant has made of record twenty-five substantially identical affidavits from dealers in and users of applicant's poultry feed supplement, wherein each affiant sets forth how long he has been buying crushed limestone for use as a poultry feed; that during all this time, applicant has marketed a poultry feed ingredient made of limestone in bags bearing the words 'CALCITE CRYSTALS'; that no other company selling crushed limestone, within his knowledge, has used these words, on its bags; and concludes that because of this long use he associates the words 'CALCITE CRYSTALS,' when used in connection with a poultry feed ingredient, only with applicant. While these affiants have asserted that they associate 'CALCITE CRYSTALS' with applicant, this cannot overcome the fact that 'CALCITE CRYSTALS' is a name

for applicant's goods, and that such a name cannot be a trademark."

The board concluded:

"The record conclusively establishes that 'calcite crystals' is calcium carbonate or limestone in crystal form and that this notation is a common descriptive name for ground limestone used as a poultry feed ingredient and is so used by applicant. As such, it falls within the category of words, symbols, and devices which are not subject to exclusive appropriation as trademarks, and hence cannot acquire a secondary meaning."

The record supports these findings of the board and we agree with the conclusions stated.

In addition to the evidence pointed out by the board in support of its finding "that Calcite Crystals is calcium carbonate or limestone in crystal form and that this notation is a common descriptive name for ground limestone used as a poultry feed ingredient and is so used" by appellant, the record abounds with other proof of similar purport and effect.

Reference to Addition to Record discloses that appellant describes and refers to the goods under consideration as follows:

"Lime Crest Calcite Crystals are made from Franklin limestone, * * *.

"Franklin limestone in the Lime Crest deposit is a coarsely *crystalline* rock and consists chiefly of calcite, or *crystalline* calcium carbonate. (Emphasis supplied.)

* * * calcite from which the Lime Crest Calcite Crystals are made."

The above is but illustrative of repeated references indicative that "Calcite Crystals" is not only descriptive of appellant's products but also is used by appellant as the name for the product itself.

The decisions of this court in In re Deister Concentrator Company, Inc., 289 F.2d 496, 48 CCPA 952, and Weiss Noodle Co. v. Golden Cracknel & Special-

828

ty Co., 290 F.2d 845, 48 CCPA 1004, are apposite and controlling here.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.