**HENRY HEIDE, INCORPORATED,**
Plaintiff-Appellant (Cross-Appellee),

v.

**GEORGE ZIEGLER COMPANY,**
Defendant-Appellee (Cross-Appellant).

Nos. 14924, 14925.

United States Court of Appeals
Seventh Circuit.

Nov. 19, 1965.

Francis J. Sullivan, New York City, Albert W. Bicknell, Chicago, Ill., Joe E. Daniels, New York City, of counsel, for Heide.

Ira Milton Jones, Milwaukee, Wis., for Ziegler.

Before KNOCH, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Both parties have appealed from portions of the district court's judgment in a trademark infringement and unfair competition suit between candy manufacturers.

Henry Heide, Inc., a New York corporation, brought the action against the George Ziegler Company, a Wisconsin corporation. Heide alleged infringement of its registered trademark "Jujyfruits"[1] and unfair competition by Ziegler through the latter's use of the term "Fruit Ju Jus" in connection with the sale of soft gum candies. After Ziegler had discontinued using "Fruit Ju Jus" and began using "Ju Ju Bits," the complaint was amended by adding a second count alleging infringement of another of Heide's trademarks, "Jujubes,"[2] used to identify its hard gum candies. Ziegler subsequently filed a counterclaim alleging fraud in the procurement of the "Ju-

jubes" registration and unfair competition in the use of the mark so obtained.

The district court held that the "Jujyfruits" registration was valid and that Ziegler's use of "Fruit Ju Jus" infringed the registration and constituted unfair competition. Further use of "Fruit Ju Jus" was enjoined and Heide's damages were set at $7,241.84 by stipulation of the parties. The court dismissed the second count of Heide's complaint, however, holding the registration for "Jujubes" invalid because of the generic nature of the term. The court further concluded that the use of "Jujubes" in connection with the marketing of hard gum candies was "deceptively misdescriptive." Finally, the district judge held that the registration for "Jujubes" had been obtained in good faith and dismissed Ziegler's claim of fraudulent registration.[3]

I.

The issue presented with respect to the trademark registration for "Jujubes" is whether the district court erred in concluding that "jujubes" is a generic term and as such incapable of valid registration. Heide, the owner of the mark, contends that the evidence is insufficient to establish that "jujubes" is a generic term when used in reference to candy. It further contends that even if it were to concede that "jujubes" has been and is now used generically at the manufacturing level to describe a class of soft, starch gum candies, such use is unknown to the consuming public, which associates the term only with the hard, genuine gum candy manufactured and sold by Henry Heide, Inc. To support this latter contention, Heide points to its extensive consumer-level advertising and sale of its product, and to a survey purporting to establish that seventy-four per cent of the consuming public identifies "Jujubes" as a trademark.

Ziegler, on the other hand, asserts that the record is replete with evidence pointing to the generic use of "jujubes" at

1. No. 435,900, registered January 13, 1948.

2. No. 635,667, registered October 9, 1956.

3. Ziegler does not contest the dismissal of its counterclaim on this appeal.

both the manufacturing and consumer levels. Ziegler also maintains that proof of generic use at any trade level is sufficient and that a generic term cannot acquire a secondary meaning such as would permit exclusive appropriation.

■ We have concluded that the record does contain ample support for the finding that "jujubes" is a generic term, and hold that the acquisition of trademark rights in such term is proscribed.

The evidence introduced below overwhelmingly established that candy manufacturers for several decades have used in the trade the term "jujubes" to define a class of gum candy. Indeed, Heide conceded as much at the trial, "in the interest of saving time." We need not decide, however, whether such use among manufacturers and wholesalers of itself precludes exclusive appropriation at the retail level. The generic use of the term "jujube" has clearly not been restricted to those possessing special experience in the candy industry. Such use in consumer advertising and in consumer package labeling was quite extensive at one time. For example, Heide's competitor, Wallace & Co., packaged and sold " 'Sa-Yo' mint jujubes" until sometime late in the 1920's. Further, several recipe books evidencing the generic nature of "jujubes" were introduced, at least a few of which are directed to the consuming public. In addition, definitions of "jujube" contained in several English language dictionaries of general use were presented. Many of these publications secondarily define "jujube" in terms of a lozenge flavored to resemble the jujube fruit, while others secondarily define "jujube" merely as a fruit-flavored lozenge or gum drop.[4] This documentation clearly supports the conclusion that "jujubes" is a generic word defining a type of gum candy at both wholesale and retail levels.

■ Heide urges this court to respect the presumption of validity which attaches to trademark registration. But such presumption may, of course, be overcome by establishing the generic meaning of a registered mark. Flexitized, Inc. v. National Flexitized Corp., 335 F.2d 774, 779 (2d Cir. 1964), cert. denied, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965).

■ Heide also contends that in view of the fact that much of the evidence related to the generic meaning of "jujubes" is somewhat dated, and since its consumer-level use of the term has been exclusive for many years, a secondary meaning worthy of protection has evolved. We note initially, as Ziegler argues, that consumer packaging in the late 1920's may well be of sufficiently recent use to preclude exclusive appropriation of even a descriptive term for secondary meaning purposes. But more importantly, a generic term in circumstances such as those before us may not be exclusively appropriated as a trademark, regardless of the length of time it may have been used by a single distributor at the consumer level and despite whatever promotional effort he may have expended to exploit it. Application of Limestone Prods. Corp., 312 F.2d 825, 50 C.C.P.A., Patents, 1000, (1963); Weiss Noodle Co. v. Golden Cracknel & Specialty Co., 290 F.2d 845, 48 C.C.P.A., Patents, 1004 (1961); Schulmerich Electronics, Inc. v. J. C. Deagan, Inc., 202 F.2d 772, 40 C.C.P.A., Patents, 857, (1953). Heide's consumer survey is similarly unpersuasive in this context.

■ Because of our disposition of the issue above, we do not reach the district court's further conclusion that Heide's "Jujubes" mark was "deceptively misdescriptive." Ziegler did not request such a finding at the trial. There was no occasion for the district court to decide the issue.

II.

In its cross-appeal Ziegler contends that it is undisputed that "fruit ju jus" has the generic meaning of gum candy in fruit shapes and flavors and that un-

4. "Jujube" is primarily defined most often as the edible fruit of a tree of the buckthorn family.

der the applicable rule of law, embodied in section 33(b) of the Trademark Act of 1946, 15 U.S.C. § 1115(b),[5] a manufacturer has the right to use a generically descriptive term to describe his product fairly and in good faith for the benefit of purchasers. It is then argued that since the district judge found "no convincing evidence * * * that Ziegler used the mark Fruit Ju Jus with a fraudulent intent," it follows that "fruit ju jus" cannot infringe Heide's rights in "Jujyfruits" irrespective of its validity as a trademark and regardless of any similarity between "Jujyfruits" and "fruit ju jus." In effect, Ziegler concedes that Heide's registered trademark "Jujyfruits" is valid and that "confusion, mistake, or deception" is likely to occur if Ziegler continues to use "fruit ju jus" on its candies. This concession points up the sole question presented by Ziegler in its cross-appeal: whether "fruit ju jus" is merely a generically descriptive term and was fairly used as such rather than as a trademark.

Contrary to Ziegler's assertion, we think that the district judge did make a finding with respect to the manner in which Ziegler used the term "fruit ju jus." A fair reading of his opinion indicates that the judge found that Ziegler employed the term as a trademark. The evidence sustains the finding. Moreover, we are convinced that the district judge correctly concluded that the word "ju jus" is not a generically descriptive term. For these reasons, Ziegler did not establish its defense under the provisions of section 33(b) of the Trademark Act.

The judgment of the district court is affirmed.

---

5. Section 1115(b) reads in pertinent part:
    (b) If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark * * * except when one of the following defenses or defects is established:

\* \* \* \* \*

(4) That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a trade or service mark, * * * of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, * * *.