**HENRI'S FOOD PRODUCTS CO., INC., Plaintiff,**

v.

**TASTY SNACKS, INC., Defendant.**

**No. 84–C–1548.**

United States District Court,
E.D. Wisconsin.

July 31, 1986.

---

**6.** Testimony of Phil Vukicevich.

William E. Glassner, Jr., Raymond R. Krueger, Forrest Henri Dupre of Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., for plaintiff.

Robert E. Clemency of Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

The plaintiff, Henri's Food Products Company, Inc. (Henri's) commenced this action in the United States District Court for the Eastern District of Wisconsin against Tasty Snacks and Foods, Inc. (Tasty Snacks), alleging trademark infringement and unfair competition under federal trademark laws and violation of the Illinois Uniform Deceptive Trade Practices Act.

██ Tasty Snacks has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. If materials outside of the pleadings are presented to the Court and are not excluded by the Court, the motion can be treated as one for summary judgment. *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir. 1976). Because the parties have submitted materials outside of the pleadings, the Court, in the exercise of its discretion, has chosen to consider these materials. The motion is therefore converted into a motion for summary judgment.

██ Summary judgment in trademark infringement cases may be granted when there is no genuine issue as to any material fact. When a word is generic, summary judgment is appropriate. *See Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 902 (7th Cir.1983).

For the reasons stated below, the Court finds that there is no genuine issue of material fact and hereby GRANTS Tasty Snack's motion for summary judgment.

### FACTS

Henri's has manufactured and marketed a pourable salad dressing which is made with celery seed and onion using the designation "Henri's TAS–TEE Dressing". Henri's has sold more than ten million dollars of this brand of dressing since 1947. In 1960, Henri's attempted to register its designation with the United States Patent and Trademark Office. That office, however, refused registration because the word "tasty" was in common use for salad dressings. The mark was considered "so highly descriptive that it did not function as a trademark to distinguish applicant's goods in interstate commerce." Subsequently, Henri's disclaimed the word "TAS–TEE" apart from the mark and the Henri's mark was registered in 1961. In 1961, Henri's applied again to trademark "TAS–TEE" and on July 26, 1983, the United States Patent and Trademark Office issued Registration No. 1,246,513, trademarking "TAS–TEE". See Exhibit A. The Court has no indication of the reasons which caused the Trademark Office to change its opinion as to the ability of the word "TAS–TEE" to be trademarked.

In 1984, Tasty Snacks started selling pourable dressings and mayonnaise under the designation "tasty". The dressings included "tasty" mayonnaise, "tasty" Russian dressing, "tasty" Italian dressing, and something called "tasty" salad dressing with vinegar, egg yolks and oil. See Exhibit B.

Henri's contends that Tasty Snacks's dressings are sold in direct competition with Henri's "TAS–TEE" brand dressing with the intent to deceive and unfairly compete and to trade on the goodwill of Henri's "TAS–TEE" trademark. Henri's alleges four causes of action: (1) infringement of trademark in violation of 15 U.S.C. § 1114(1), (2) unfair competition in violation of 15 U.S.C. § 1125(a), (3) infringement of trademark in violation of common law, and (4) violation of Illinois Uniform Deceptive Trade Practices Act, 111 Rev.Stat. Ch. 121½ §§ 311–17. Each cause of action is based upon Henri's claim to the exclusive right to the mark "TAS–TEE", now registered as a trademark. Henri's asks for a preliminary injunction against further such acts by Tasty Snacks, damages, an accounting of Tasty Snacks' profits, surrender of all containers, and an assessment of interest, costs and attorney's fees.

Tasty Snacks maintains that Henri's is not entitled to exclusive use of the word "tasty", even if misspelled "TAS–TEE", because it is a generic or common descriptive term not protectable under federal, state or

common law. Secondly, Tasty Snacks maintains that even if Henri's has the right to use "TAS–TEE" as a trademark, it may not enlarge that right to claim exclusive use of "tasty", a common descriptive term not registrable as a trademark.

## LEGAL CLASSIFICATIONS

### A. Case Law

The Seventh Circuit has colorfully cautioned that a term on the trademark spectrum is like the hues in the solar spectrum which are classified on the basis of perception. *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir.1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978). Terms presented for trademark protection roughly fit into four categories:

#### (1): Generic or Common Descriptive.

■ "A generic or common descriptive term is one which is commonly used as the name or description of a kind of goods. It cannot become a trademark under any circumstances." *Miller Brewing Co.*, 561 F.2d at 79. Even using a phonetic spelling of a word will not qualify the word for trademark protection. *Id.* "A generic term is one that refers to or has come to be understood as referring to the genus of which the particular product is a species." *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (2d Cir.1976). "Airplane" and "decaffineated coffee" are examples of generic words. They are names of products rather than brands. *Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc.*, 781 F.2d 604, 609 (7th Cir.1986).

#### (2): Merely Descriptive.

"A merely descriptive term specifically describes a characteristic or ingredient of an article. It can, by acquiring a secondary meaning, i.e., become 'distinctive of the applicant's goods' (15 U.S.C. § 1052(f)), [and] become a valid trademark." *Miller Brewing Co.*, 561 F.2d at 79.

#### (3): Suggestive.

■ "A suggestive term suggests rather than describes an ingredient or characteristic of the goods and requires the observer or listener to use imagination and perception to determine the nature of the goods." *Id.* Mental gymnastics are required. It can be protected without proof of a secondary meaning. An example of a suggestive term is the name "Spring Green" as applied to a landscaping service. Some operation of the imagination is required to connect the name with the service. *Thompson v. Spring-Green Lawn Care*, 126 Ill. App.3d 99, 81 Ill.Dec. 202, 466 N.E.2d 1004 (Ill.App.1984).

#### (4): Arbitrary or Fanciful.

"An arbitrary or fanciful term enjoys the same full protection as a suggestive term, but it is far enough removed from the merely descriptive not to be vulnerable to possible attack as being merely descriptive rather than suggestive." 781 F.2d at 609. "Exxon" and "Kodak" are examples.

### B. Statutory Law

The Lanham Act, 15 U.S.C. § 1114(1), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant—(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark ... shall be liable...."

Section 15 U.S.C. § 1125(a) provides:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation or origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable....

The Illinois Uniform Trade Practices Act, Ill.Rev.Stat. Ch. 121½ §§ 311–17 provides in pertinent part:

§ 2. A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;

§ 3. A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable.

A claim under the Illinois statute and a claim under common law for unfair competition can be treated together. *McDonald's Corp. v. Gunvill*, 441 F.Supp. 71, 74 (N.D.Ill.1977), *aff'd*, 622 F.2d 592 (7th Cir.1980). "The same set of facts will support a claim for both trademark infringement and unfair competition." *Id.* at 75.

## OPINION AND HOLDING

The plaintiff contends that the defendant's use of the word "tasty" infringes on the plaintiff's trademark "TAS–TEE". The Court finds, however, that the term "tasty" is a generic or common descriptive term, and hence, cannot be trademarked, even if misspelled in its phonetic equivalent "TAS–TEE".

■ Because a "generic or commonly descriptive term" is one which is commonly used as the name or description of a kind of goods, a court can take judicial notice of the definitions of a word in the dictionary. *Miller Brewing Co.*, 561 F.2d at 81. "A common source of evidence of genericness is the dictionary." *Gimix*, 699 F.2d at 905. "Tasty" is defined in Webster's Collegiate Dictionary 1022 (5th ed. 1948) as pleasing to the palate, savory, or tasteful. The word tasty is used to commonly describe the flavor of something. For example, people describe appetizers as tasty. Likewise, salad dressing with egg yolks and celery seed whether made by Henri's, Tasty Snacks or Mr. Salad Dressing can be described as tasty. The word tasty, as the dictionary demonstrates, is a common word used to describe flavor. "Tasty" is like the words "savory," "flavorful," or "delicious."

Secondly, case law supports the generic character of "tasty". In *Miller Brewing Co.*, the Seventh Circuit held that because "[t]he word 'light,' including its phonetic equivalent 'lite,' [was] a generic or common descriptive term as applied to beer, [it] could not be exclusively appropriated by Miller as a trademark, 'despite whatever promotional effort [Miller] may have expended to exploit it.'" 561 F.2d at 81 (quoting *Henry Heide, Inc. v. George Ziegler Co.*, 354 F.2d 574, 576 (7th Cir.1965)). "Light" or "lite" is a common descriptive word such as "rose" wine, "blended" whiskey, and "white" bread. *Id.* The term "tasty" is even more generic or commonly descriptive than "light" in light beer. A light beer is only one of a kind of beers that a manufacturer can sell; whereas, a manufacturer would not want to sell a dressing that is not tasty. It would certainly be a sad day (and a more bland one) if a food or beverage company could corner the market on words such as "tasty", "savory", "flavorful", or "delicious".

■ Henri's argues that a generic word must be a commonly used *name* of a product, and thus, because the word tasty is an adjective, it cannot be generic. The fact that a word is an adjective, however, does not prevent it from being a generic or common descriptive word. *Miller Brewing Co.*, 561 F.2d at 80. In the *Miller* case, the Court held that "beer" was the name of the product, and that "light" described the qualities of that product. That is, "light" described a certain quality of that type of beer as less filling with reduced calories. By comparison, in the case before this Court, "salad dressing" is the name of the product and "tasty" describes the qualities of the product. "Tasty" describes the salad dressing as savory or appetizing. The Seventh Circuit has reasoned that if "light beer" is a generic name, then "light" is a

generic word when used as part of that name. So also, if "tasty dressing" is a generic name, then "tasty" is a generic word when used as part of that name.

■ Because "tasty" is a generic or common descriptive term, its phonetic spelling "tas-tee" is also generic or commonly descriptive. The Seventh Circuit in *Miller Brewing Co.* held that "light" was generic, and therefore, the word misspelled as "lite" was also generic. 561 F.2d at 81. A generic term cannot be appropriated through the device of misspelling it.

■ In 1983, the United States Patent and Trademark Office registered the word "TAS–TEE". Henri's argues that the term "tasty" and its phonetic equivalent "TAS–TEE" are not generic because of the strong presumptive validity that is endowed to a term by federal registration of a trademark. The presumption of validity is a rebuttable presumption which places the burden on the opponent to overcome it. *Reese Pub. Co. v. Hampton Intern. Communications, Inc.*, 620 F.2d 7, 11 (2nd Cir. 1980). The registration is rebutted by showing the generic nature of the mark: a generic or common descriptive term cannot become a trademark under any circumstances. *Miller Brewing Co.*, 561 F.2d at 79. Further support comes from 15 U.S.C. § 1065(4), which provides that "no incontestable right shall be acquired in a mark which is the common descriptive name of any article or substance patented or otherwise." Thus, the strong presumption of validity is overcome because of the generic or common descriptive character of the word "tasty".

Henri's also argues that the fact that defendant Tasty Snacks has placed a registration mark ® next to the word "tasty" on its own label demonstrates that the defendant believes "tasty" to be a valid trademark or at least a trademarkable term, and hence, defendant is estopped to claim that "tasty" is generic or descriptive. Tasty Snacks admits that the use of the symbol ® on its label was wrong. This certainly gives Henri's argument a certain moral weight in that it seems disingenuous for Tasty Snacks to use what it claims is a generic term in the guise of a trademark.

■ The law, however, allows a defendant to assert the generic character of a term in its defense despite the defendant's own use of the term because of the strong public interest in permitting challenges to invalidity. *Gimix, Inc. v. JS & A Group*, 699 F.2d at 905 n. 3. "The goal of trademark protection is to allow a firm to affix an identifying mark to its product ... that will, because it is distinctive and no competitor may use a confusingly similar designation, enable the consumer to discover in the least possible amount of time and with the least possible amount of head scratching whether a particular brand is that firm's brand or a competitor's brand." *Blau Plumbing*, 781 F.2d at 609; *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1985).

The purpose of trademark protection is not served by allowing a party to prevent competitors from informing consumers about the attributes of the competitor's brands. To allow a firm to use as a trademark, a generic word or a descriptive word understood by the consuming public to describe products, would make it difficult for competitors to market their own brands of the same product. *Blau Plumbing*, 781 F.2d at 609.

■ Henri's cannot appropriate the English language, and by doing so, render a competitor inarticulate. *Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc.*, 781 F.2d at 609–610. Henri's cannot trademark its salad dressing as "tasty." To hold otherwise would allow Henri's to illegally appropriate a word commonly used in the English language. *MBH Enterprises, Inc. v. WOKY, Inc.*, 633 F.2d 50, 55 (7th Cir.1980). Henri's and Tasty Snacks can call their salad dressing tasty just as Mr. Salad Dressing can call his salad dressing tasty.

■ If the term is generic, it is under no circumstances entitled to de jure protection under 15 U.S.C. § 1114, 15 U.S.C.

§ 1125(a), common law, or under the Illinois Deceptive Trade Practices Act. *Miller Brewing Co. v. Falstaff Brewing Corp.,* 655 F.2d 5, 7 (1st Cir.1981). Judge Friendly has given the following rationale for the rule. "No matter how much money and effort has poured into promoting the sale of its merchandise and what success it has achieved in securing public identification, it cannot deprive competing manufacturers of the product of the right to call an article by its name." *Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d at 9.

Thus, because the Court has found that "tasty" is a generic or common descriptive word, the Court GRANTS summary judgment to the defendant, Tasty Snacks.

EXHIBIT A

EXHIBIT B

**tasty**

1 GALLON (3.78 L)

## Italian Dressing

INGREDIENTS: WATER, VEGETABLE OIL, SALT, SUGAR, VINEGAR AND SPICES.

K

Manufactured By Tasty Snacks & Foods, Inc., Bensenville, IL 60106

**tasty**

4 GALLONS (15.12 L)

## SALAD DRESSING

VEGETABLE OIL, WATER, EGG YOLKS, VINEGAR, MODIFIED FOOD STARCH, EDTA ADDED TO PROTECT FLAVOR.

K

Manufactured By Tasty Snacks & Foods, Inc., Bensenville, IL 60106