**HENRI'S FOOD PRODUCTS CO., İNC.,**
Plaintiff-Appellant,

v.

**TASTY SNACKS, INC.,**
Defendant-Appellee.

No. 86–2451.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1987.

Decided May 6, 1987.

Forest Henri Dupre, Charne, Glassner, Tehan, Clancy & Taitelman, S.C., Milwaukee, Wis., for plaintiff-appellant.

Stephen H. Pugh, Jr., Chapman & Cutler, Chicago, Ill., for defendant-appellee.

Before CUDAHY, FLAUM and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

Henri's Food Products Co., Inc. ("Henri's"), the owner of a federal registration for the trademark TAS–TEE for use on salad dressings, sued Tasty Snacks, Inc. ("Tasty Snacks") for trademark infringement through the use of the term "tasty" as a trademark for salad dressing. Henri's sought an injunction and damages. Tasty Snacks filed a motion to dismiss Henri's complaint for failure to state a claim upon which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tasty Snacks subsequently asked the court to convert this motion into a motion for summary judgment. The district court granted summary judgment in favor of Tasty Snacks on the ground that the word "tasty" was a generic term for

salad dressing and therefore could not be a protectable trademark. We reverse.

## I.

Henri's is a Wisconsin corporation located in Milwaukee, Wisconsin, that manufactures salad dressing which is sold throughout Wisconsin and elsewhere in the United States. One of Henri's products is a salad dressing made with celery seed and onion and sold under the claimed trademark TAS–TEE. Henri's has sold more than 10 million dollars worth of TAS–TEE brand salad dressing since 1947. In 1960, Henri's was refused registration by the United States Patent Office for TAS–TEE as a trademark for use on salad dressings. The mark was considered "so highly descriptive that it does not function as a trademark to distinguish applicant's goods in interstate commerce." Complaint, Exhibit H at 9–10. In 1982, however, Henri's filed a second application for trademark registration, and the Patent Office granted registration for the word TAS–TEE alone.

In 1984, Tasty Snacks, an Illinois corporation, started selling salad dressings and mayonnaise under the designation "tasty," including "Tasty" mayonnaise, "Tasty" Russian dressing, "Tasty" Italian dressing and "Tasty" salad dressing with vinegar, egg yolks and oil. Tasty Snacks placed the registered trademark symbol ® next to the word "tasty" on the label of some of its dressing products.

In December 1984, Henri's began a lawsuit against Tasty Snacks seeking to enjoin Tasty Snacks from using the term "tasty" as a trademark for salad dressing and asking for damages. Henri's complaint alleges that the use of the trademark "tasty" on salad dressings by Tasty Snacks is likely to result in confusion by potential purchasers of salad dressing who may believe that salad dressing bearing the "tasty" trademark came from the same source as dressing bearing Henri's TAS–TEE trademark. Henri's alleges federal trademark infringement in violation of 15 U.S.C. § 1114(1)(1982), unfair competition in violation of 15 U.S.C. § 1125(a)(1982), common law trademark infringement and violation of the Illinois Uniform Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121–1/2, ¶¶ 311–17 (1985). Henri's contends that Tasty Snacks' dressings were sold in direct competition with Henri's TAS–TEE brand with intent to deceive and unfairly compete and to trade on the goodwill of Henri's TAS–TEE trademark.

With the service of its summons and complaint, Henri's also served upon Tasty Snacks a set of interrogatories and a request for production of documents. Tasty Snacks declined to respond to these discovery requests, and the district court has never ruled on the resulting motion to compel. Subsequently, Tasty Snacks moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Tasty Snacks' motion asserted that Henri's could not have a protectable trademark in the word "tasty" or TAS–TEE because the word "tasty" is a generic word for salad dressings. Henri's filed a timely response to the motion, and Tasty Snacks subsequently filed a reply memorandum in which it asked the district court to convert its motion to dismiss under Rule 12(b)(6) to a motion for summary judgment against Henri's.

In July 1986 the district court, 642 F.Supp. 255, ruled in favor of Tasty Snacks, finding that the word "tasty" (and its phonetic equivalent TAS–TEE) is a generic term for salad dressing and cannot be trademarked. The district court thus granted summary judgment in favor of Tasty Snacks and this appeal followed.

## II.

The district court found that the word "tasty" (and its phonetic equivalent TAS–TEE) was generic with respect to salad dressing and therefore was incapable of winning protection as a trademark either under federal law, common law or under the Illinois Deceptive Trade Practices Act. We agree with the district court that if "tasty" were generic, it could not be accorded trademark protection. We do not, however, agree that "tasty" is generic.

Trademarks run the gamut from the fanciful or arbitrary (which are fully protected), to the suggestive, to the "merely descriptive" (which require for protection a showing of secondary meaning). On the other hand, a generic name—the common name of a class of things or a "common descriptive name"—is irretrievably in the public domain, and the preservation of competition precludes its protection. Here, the district court relied on *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75 (7th Cir.1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978), in concluding that "tasty" was generic. In *Miller Brewing Co.*, this court stated that "[a] generic or common descriptive term is one which is commonly used as the name or description of a kind of goods. It cannot become a trademark under any circumstances." *Id.* at 79. This court also held:

> The word "light," including its phonetic equivalent "lite" ... [is] a generic or common descriptive term as applied to beer, [and] could not be exclusively appropriated by Miller as a trademark, "despite whatever promotional effort [Miller] may have expended to exploit it."

*Id.* at 81 (quoting *Henry Heide, Inc. v. George Ziegler Co.*, 354 F.2d 574, 576 (7th Cir.1965)). The district court in the case before us observed that " '[l]ight' or 'lite' is a common descriptive word such as 'rose' wine, 'blended' whiskey, and 'white' bread." *Henri's Food Products, Inc. v. Tasty Snacks, Inc.*, 642 F.Supp. 255, 259 (E.D.Wis.1986) ("July 31, 1986 Order") (citing *Miller Brewing Co.*, 561 F.2d at 81). The district court went on to conclude:

> The term "tasty" is even more generic or commonly descriptive than "light" in light beer. A light beer is only one of a kind of beers that a manufacturer can sell; whereas, a manufacturer would not want to sell a dressing that is not tasty. It would certainly be a sad day (and a more bland one) if a food or beverage company could corner the market on words such as "tasty," "savory," "flavorful," or "delicious."

*Id.* at 259. The district court also rejected Henri's argument that a generic word must be a commonly used *name* of a product, and that since the word "tasty" is an adjective, it cannot be generic. The district court stated that the mere fact that a word is an adjective does not prevent it from being a generic or common descriptive word.

The district court found that the *Miller Brewing Co.* court had held that "beer" was the name of the product, and that "light" described the qualities of that product. That is, "light" described a certain quality of that type of beer as less filling with reduced calories. In like vein, the district court thought that "salad dressing" is the name of the product and "tasty" describes the qualities of the product:

> "Tasty" describes the salad dressing as savory or appetizing. The Seventh Circuit has reasoned that if "light beer" is a generic name, then "light" is a generic word when used as part of that name. So also, if "tasty dressing" is a generic name, then "tasty" is a generic word when used as part of that name.

July 31, 1986 Order at 259.

We do not agree that "tasty" is a generic term or a "common descriptive name" or, for that matter, is comparable to "light" or "lite" in "light beer." The holding in *Miller Brewing Co.* is that an adjective can be a generic term when that word is part of a common descriptive name of a *kind* of goods.[1] In order to be generic,

---

**1.** Some authors have criticized this circuit for allegedly expanding the category of generic terms to include certain descriptive adjectives, *which in connection with a noun* have been held to be "common descriptive terms" and unregisterable. *See* 1 J. Gilson, *Trademark Protection and Practice* § 2.02, at 20–23 (Supp. June 1986). Gilson is critical of the *Miller Brewing Co.* decision for viewing "lite" ("light") as incapable of acquiring a secondary meaning even though that word itself is descriptive. To achieve this result, the court construed "lite" as generic since it was part of the combination, "lite beer"—itself viewed as a generic name. Gilson raises a related objection to *Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136 (7th Cir.1984), which suggests that the magazine title "Software News" is generic and unprotectable irrespective of secondary meaning. *See also National Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F.2d 478 (7th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83

however (as the word implies), the word in question must serve to denominate a type, a kind, a genus or a subcategory of goods.

It is important to observe the distinction between *"common* descriptive" (or generic) terms and *"merely* descriptive" terms:

> The provisions of the Lanham Act ... distinguish a mark that is "the common descriptive *name* of an article or substance" from a mark that is "merely descriptive." §§ 2(e), 14(c), 15 U.S.C. §§ 1052(e), 1064(c). Marks that constitute a common descriptive *name* are referred to as generic. A generic term is one that refers to the *genus* of which the particular product is a species. Generic terms are not registerable.... A "merely descriptive" mark, in contrast, describes the *qualities or characteristics* of a good or service, and this type of mark may be registered only if the registrant shows that it has acquired secondary meaning, *i.e.,* it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U.S.C. §§ 1052(e), (f).

*Park'n Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 193–94, 105 S.Ct. 658, 661–62, 83 L.Ed.2d 582 (1985) (citation omitted) (emphasis added). In many circumstances, the difference between a common descriptive name and a merely descriptive mark is not easily visible to the naked eye.

■ Here, however, unlike "light beer," "tasty salad dressing" is not a kind, sort, genus or subcategory of salad dressing. Rather, "tasty" is "merely descriptive" and describes a quality found in many genuses of salad dressing. It is not an adjective which in any way serves to classify the noun to which it is attached. This kind of "merely descriptive" word can, at least in theory, convey a secondary meaning. "Merely descriptive" terms convey a quality or characteristic of the product. The term "tasty" describes the quality of the salad dressing. There really can be no suggestion that "tasty dressing" is a kind

or type or subcategory of dressing such as, for example, French dressing.

> A term is considered to be merely descriptive of a product if it immediately conveys to purchasers information as to the ingredients, quality, characteristics, functions or other features of the product in connection with which the product is issued. Clearly the term *"tasty"* would be *merely descriptive* of sausage under this test....
>
> ....
>
> ... [T]he English term "tasty" ... describes a desirable characteristic of applicant's dry sausage.

*In re Geo. A. Hormel & Co.,* 227 USPQ (BNA) 813, 813–14 (TTAB 1985) (emphasis added) (citation omitted).

There is no question that the word "tasty" as applied to salad dressing is *highly* descriptive. There appears to be absolutely nothing suggestive or arbitrary about the use of the adjective in this connection. There is some feeling that words may be so highly descriptive that they ought to be incapable of being removed from the public domain even if they are not in the traditional sense generic. Despite the occasional surfacing of this sentiment, however, it is not the law. The Trademark Trial and Appeal Board (the "TTAB") has recently held, for example, that "law & business" for business law seminar services is so "highly descriptive" that it is incapable of serving as a mark and is unregisterable on the Supplemental Register. *In re Harcourt Brace Jovanovich, Inc.,* 222 USPQ (BNA) 820 (TTAB 1984) (citing other TTAB cases). The Court of Appeals for the Federal Circuit has, however, apparently disapproved of the idea that a term may be so "highly descriptive" that it is incapable of ever becoming a trademark. *See In Re Seats, Inc.,* 757 F.2d 274 (C.A.F.C.1985).

Thus far, at least, only generic terms are viewed as being incapable of gaining protection by acquiring secondary meaning, including, of course, terms that can be reasonably construed as generic names, such

---

(1983), ("multistate bar examination" held to be unprotectable). Gilson opines that the broadening of the generic/common descriptive category

is perhaps misguidedly intended to implement a pro-competitive policy.

as "light" in connection with beer. We recognize that the law has traditionally treated the interest of the public in preserving generic names for general use as so important as to preclude trademark protection. Nonetheless, we do not believe it appropriate at this time to expand further the "generic" concept by extending it to "tasty" as used with salad dressing. Even if Henri's were able to establish secondary meaning for such a highly descriptive adjective, competitors would not be precluded from using it in a purely descriptive manner or in its primary sense. *See* 1 Gilson §§ 2.02, 2.03, 2.09 (1986 & Supp. June 1986).[2]

REVERSED AND REMANDED

---

2. Since we hold "tasty" not to be generic, we do not reach the appellant's other points involving the propriety of granting summary judgment here. Neither do we specifically consider the weight to be accorded Henri's federal registration for TAS–TEE or the significance of Tasty Snacks' use of the symbol ® in connection with "tasty."