The **FORUM CORPORATION OF NORTH AMERICA,** Plaintiff,

v.

**THE FORUM, LTD.,** Defendant.

Civ. A. No. 86–C–37.

United States District Court,
E.D. Wisconsin.

June 11, 1987.

---

Arthur Don, Nancy G. Abrahams, Chicago, Ill., Thomas V. Smurzynski, Boston, Mass., John T. Clerk, Chicago, Ill., Donald P. Ricklefs, Boston, Mass., for plaintiff.

Robert L. Titley, Milwaukee, Wis., Janet M. Koran, Chicago, Ill., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Plaintiff, The Forum Corporation of North America, and the defendant, The Forum, Ltd., both make their money by providing the business community with seminars and materials on management and sales. The plaintiff brings this trademark infringement and unfair competition action in an effort to prevent the defendant from using the word "forum" in its title. Jurisdiction arises from 28 U.S.C. §§ 1332 and 1338. The defendant has moved for summary judgment claiming that the word "forum" is generic and that the defendant cannot therefore be prevented from its use.

## RELEVANT FACTS

The relevant facts are taken from the affidavits and exhibits presented by the parties for the court's consideration in connection with the the defendant's motion for summary judgment. The parties generally agree that they provide similar services to the same types of clients, but differ as to whether the word forum is "generic" in their business.

Both parties sell training and educational services to business clients who hope to improve their employees' performance. A typical presentation by either party would involve a speaker who uses videotapes and written materials, and then leads a structured discussion with the participants. The plaintiff claims trademark rights to the name "The Forum Corporation," though the defendant has petitioned the Patent and Trademark Office for cancellation of that mark. The plaintiff has been in the business since 1971. The defendant was incorporated in 1980.

The defendant, at page 5 of its Brief in Support of the Motion for Summary Judgment, has presented the court with the following definitions of the word forum:

*Webster's Third New International Dictionary of the English Language Unabridged* (G. & C. Merriam Company 1961), p. 896, defines "forum" as follows:

3a: an organization that holds public meetings for the discussion of subjects of current interest b: a meeting that is held by such an organization and is frequently in the form of a question period following a lecture; *broadly:* a lecture followed by audience discussion and questioning of the lecturer....

... Ivan S. Banki, *Dictionary of Administration and Management* (Systems Research Institute 1981), defines "forum" as:

A type of training method that consists of a period of lecture, and a period of questions, comments, or discussion by the participants after the lecture.

The plaintiff objects to defendant's use of the second definition, questioning whether a proper foundation has been layed for its introduction. The parties dispute through their witnesses—expert and others —whether the word forum is a "generic" description for the service they provide to the relevant consuming public.

## LEGAL ANALYSIS

In *Henri's Food Products, Inc. v. Tasty Snacks, Inc.,* 817 F.2d 1303 (7th Cir.1987), the Seventh Circuit explained:

Trademarks run the gamut from the fanciful or arbitrary (which are fully protected), to the suggestive, to the "merely descriptive" (which require for protection a showing of secondary meaning). On the other hand, a generic name—the common name of a class of things or a "common descriptive name"—is irretrievably in the public domain, and the preservation of competition precludes its protection.... In *Miller Brewing Co.,* [*v. G. Heileman Brewing Co.,* 561 F.2d 75 (7th Cir.1977) ], this court stated that "[a] generic or common descriptive term is one which is commonly used as the name or description of a kind of goods. It cannot become a trademark under any circumstances."

*Id.* at page 1305 (citation omitted).

Whether something is generic or merely descriptive "is determined from the viewpoint of the relevant purchasing public." *In re Northland Aluminum Products, Inc.,* 777 F.2d 1556, 1559 (Fed.Cir.1985). In *Walt–West Enterprises, Inc. v. Gannett*

*Co., Inc.,* 695 F.2d 1050, 1057, (7th Cir. 1982), the court explained that a plaintiff hoping to establish a "secondary meaning" must focus on the understanding of consuming public in the field of commerce in question. That court also cautioned against "a decided tendency in trademark cases to argue about the legal labels rather than the underlying analytical inquiries those labels are designed to trigger." *Id.* at 1057. The court explained:

The law recognizes the right of one individual to prevent another from labeling his product with a particular term in order to prevent the misrepresentation of the product's source. Such a misrepresentation hurts both the purchaser and the individual who has been impersonated. The legal wrong to the purchaser is a paradigm of the tort of fraud. The wrong to the impersonated party is given legal life by recognizing in that party a right in his identity—a "property" right in his mark of identification, appurtenant to his property rights in the goods he so marks, enabling the "owner" of the trademark to enjoin the imposter from continuing misrepresentations.

*Id.*

The defendant argues that the term "forum" is generic, or a common descriptive term, and therefore, cannot function as a trademark. In *Liquid Controls Corporation v. Liquid Control Corporation,* 802 F.2d 934 (7th Cir.1986), the Seventh Circuit Court of Appeals explained that:

A generic term is one that is commonly used as the name of a kind of goods.... Unlike a trademark, which identifies the source of a product, a generic term merely specifies the genus of which the particular product is a species.... Because a generic term is one commonly used to denote the product, a common source of evidence is the dictionary.

*Id.* at 935 (citations omitted).

The defendant argues that the word "forum" is understood to be a generic term for the type of educational or training program offered by the parties and that the plaintiff can neither appropriate that word for its own use or deprive others from its

use. The plaintiff argues that the word "forum" is not the name for the products and services the parties offer the public, that it is never used in such a way, that the plaintiff has a registered trademark with the name, and that the defendant does not use the term generically or descriptively.

The court has considered the dictionary definitions and other evidence offered by the defendant and finds that evidence insufficient to establish that the word "forum," as it is used in this particular area of commerce, is generic. The defendant has failed to establish, as it claimed at page 8 of its Reply Brief in Support of its Motion for Summary Judgment, that "the term 'forum' is generic in Plaintiff's and Defendant's businesses because it is a common descriptive term for the manner in which the educational information is presented to the customers." Further, factual development will be necessary at trial as to both the consuming public's understanding of the term, and the role the word plays in describing what the parties actually provide to the public.

IT IS THEREFORE ORDERED that the motion of the defendant for summary judgment is denied.