**BEST BUY WAREHOUSE, Plaintiff,**

v.

**BEST BUY CO., INC., Defendant.**

No. 88–1201–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

Nov. 27, 1989.

Joseph B. Bowman, Thomas P. McBride, Kokjer, Kircher, Bradley, Wharton, Bowman & Johnson, Kevin S. Cavanaugh, Kansas City, Mo., for plaintiff.

Robert O. Lesley, Robert L. Driscoll, Stinson, Mag & Fizzell, Kansas City, Mo., David W. Beehler, Elliot S. Kaplan, Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Before this Court is defendant's motion for summary judgment on all counts of plaintiff's complaint. Plaintiff alleges trademark infringement, false designation of origin, unfair competition, trademark dilution, and trademark disparagement. The gravamen of plaintiff's complaint is the use of "best buy" by defendant where prior to defendant's presence in the Kansas City, Missouri, area plaintiff already was doing business under the "best buy" name. Finding that "best buy" is generic and not due trademark protection, defendant's motion for summary judgment will be granted.

### Facts

Because this Court grants defendant's motion for summary judgment on the basis that "best buy" is generic, the material facts are few. Plaintiff operates under the names "Best Buy Warehouse," "Best Buy Office Furniture," and "Best Buy Office

Warehouse." Defendant operates under the names "Best Buy Co." and "Best Buy Superstores." The words "best buy" are used in the names of well over two hundred businesses across the nation. The State of Missouri itself has at least twenty-one retail businesses using the words "best buy" in their business names. In addition to plaintiff's and defendant's businesses, Kansas City, Missouri, also has a "Best Buy Motors."

The terms "best" and "buy" are both defined in Webster's Dictionary. "Best" is defined as "1. Exceeding all others in excellence, achievement, or quality: most excellent. 2. Most satisfactory, suitable, or useful: most desirable. 3. Greatest: largest." Webster's II New Riverside University Dictionary, 1984. "Buy" is defined as: "1. To acquire in exchange for money or its equivalent. 2. To be capable of purchasing. 3. To acquire by sacrifice, exchange or trade." *Id.*

In August, 1984, defendant applied with the United States Commissioner of Patents and Trademarks for the registration of the service mark "Best Buy Co." This application was refused on the grounds that it was generic, merely descriptive and "mere trade puffery to the effect that those who shop at applicant's stores will obtain the 'best buy' for the money." A later attempt by defendant to register "Best Buy Superstores" was refused on the same grounds.

Defendant also offers for support of its motion for summary judgment the expert testimony of Attorney Malcolm A. Litman. Mr. Litman has practiced exclusively in the area of intellectual property laws, particularly patent, trademark, copyright and unfair competition since 1959. During 1958, Mr. Litman was licensed to practice as an attorney before the United States Patent and Trademark Office. By affidavit, Mr. Litman states that the term "best buy" is generic when used in association with the sale of goods to the general public.

Defendant provides the results of a consumer survey done in the Kansas City, Missouri, area by Marketeam Associates, an independent marketing research firm located in St. Louis, Missouri. The results of the survey show that "there is little if any consumer awareness of the term 'best buy' in reference to plaintiff's business."

Defendant has also provided examples of the term "best buy" being used in the advertisements of other area retailers, including businesses that compete directly with plaintiff's office furniture retail business. "Best buy" is used in these advertisements to indicate items as exceptionally good purchases.

Plaintiff, in opposition to defendant's motion for summary judgment, submits a portion of the deposition transcript of plaintiff's expert witness, Thomas Marsh Scofield. Mr. Scofield states that in his opinion "best" and "buy" may be more than merely descriptive terms under certain conditions, such as when used in combination with other terms.

### Standard for Summary Judgment

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.,* 838 F.2d 268, 273 (8th Cir.1988).

Once the moving party has done so, the burden shifts to the non-moving party to go beyond his pleadings and by affidavit or by "depositions, answers to interrogatories, and admissions on file" show that there is a genuine issue of fact to be resolved at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In ruling on a motion for summary judgment, this Court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir.1989). If "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law," this Court must grant summary judgment. Fed.R.Civ.P. 56(c).

## Analysis

■■ In determining whether a term is capable of receiving trademark protection, this Court first must determine in which of four categories the term falls: (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful. *WSM, Inc. v. Hilton*, 724 F.2d 1320, 1325 (8th Cir.1984). The categorization of a particular term is an issue of fact. *WSM, Inc.*, 724 F.2d at 1326.

■ The test for deciding whether a word is generic is one of buyer understanding: "What do the buyers understand by the word for whose use the parties are contending?" *WSM, Inc.*, 724 F.2d at 1325. Any competent source, including dictionaries, newspapers, consumer surveys, advertisements, and other publications, may provide evidence of the public's understanding of the term at issue. *In re Northland Aluminum Products, Inc.*, 777 F.2d 1556, 1559 (Fed.Cir.1985).

■ As noted above, both "best" and "buy" are found and defined in Webster's dictionary. "Best" is defined as that which is most excellent. "Buy" means to purchase. Neither term has a special or peculiar meaning when used in retail sales. Nor does the use of these words together change their generic quality. "[I]f the components of a trade name are common descriptive terms, a combination of such terms retains that quality." *National Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F.2d 478, 488 (7th Cir.1982); *In re Gould Paper Corp.*, 834 F.2d 1017, 1018 (Fed.Cir.1987).

That numerous advertisements by various businesses in the Kansas City, Missouri, area utilize the term "best buy" further evidences the fact that "best buy" is generic. Advertisers use "best buy" to describe to the public those items deemed by the retailers to be the most excellent purchase available. There is no evidence before this Court indicating that the buying public associates "best buy" with anything other than sales "puffing" in the area of retail sales. Moreover, defendant has presented survey evidence that "best buy" is not associated by consumers in the Kansas City area with plaintiff's particular business or the products he sells.

Additionally, defendant has presented evidence that hundreds of businesses across the United States use the term "best buy" in the names of their businesses. A search of the case law indicates that none of these businesses have ever succeeded in obtaining trademark protection for the term "best buy."

Compounding the above facts, an expert patent attorney and the United States Patent Office have concluded that "best buy" cannot be accorded trademark protection. While such opinions are not determinative, they do bolster defendant's contention that the general buying public understands "best buy" to merely describe a general retail practice of touting particular products.

Plaintiff, in opposing summary judgment in favor of defendant on this issue, submits only the opinion of its expert witness. Plaintiff's expert witness states that "best" and "buy" may be more than merely common descriptive terms when used in combination with other words. He does not state, however, what specific combination of words including "best" or "buy" would, in his opinion, be capable of receiving trademark protection. Moreover, it is clear from this witness' deposition transcript that the witness was under the mistaken assumption that defendant had received federal trademark registration on "best buy" and that this assumption influenced his opinion. The federal patent and trademark office has in fact twice refused to register "best buy" as a protected trade-

mark. Plaintiff's evidence in opposition to summary judgment on this issue is not significantly probative of the fact that "best buy" is anything other than a generic phrase; such evidence will not prevent the grant of summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2511.

Based on the above facts, this Court concludes that "best buy" is in fact a generic term not capable of being usurped to defendant's exclusive use. *WSM, Inc.,* 724 F.2d at 1327. For this reason, it is hereby

ORDERED that defendant's motion for summary judgment on all counts is granted in that "best buy" is a generic term not capable of receiving trademark protection.