**BEST BUY WAREHOUSE, Appellant,**

v.

**BEST BUY COMPANY, INC., Appellee.**

**No. 90–1089.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Dec. 4, 1990.

Rehearing and Rehearing En Banc
Denied Feb. 7, 1991.

Carter J. Kokjer, Kansas City, Mo., for appellant.

Elliot Kaplan, Minneapolis, Minn., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and McMILLAN,* Senior District Judge.

## PER CURIAM.

This is a trademark-infringement case. The plaintiff operates under the names "Best Buy Warehouse," "Best Buy Office Furniture," and "Best Buy Office Warehouse." The defendant operates under the names "Best Buy Company" and "Best Buy Superstores." The question presented is whether the plaintiff has a legally protectable interest in the use of the words "best buy."

The District Court[1] held that the phrase "best buy" is generic as a matter of law, and therefore not the subject of trademark protection. It granted summary judgment for defendant, and the plaintiff appeals.

We affirm. In our view, the opinion of the District Court is fully sufficient in its discussion of the legal issues in this case, and we affirm the judgment of that court on the basis of its opinion. 751 F.Supp. 824. See 8th Cir.R. 47B.

## McMILLAN, Senior District Judge, dissenting.

The district court held that the phrase "Best Buy" was generic as a matter of law. "In order to be generic, however (as the word implies), the word in question must serve to denominate a type, a kind, a genus or a subcategory of goods." *Henri's Food Products v. Tasty Snacks*, 817 F.2d 1303, 1304 (7th Cir.1987). In *Henri's*, the court held that the term "tasty," or its phonetic equivalent, was not generic, but "merely descriptive."

Descriptive terms, unlike generic terms, can acquire trademark protection based on "secondary meaning." *Id.* at 1306–07. Secondary meaning refers to a mark that "has become distinctive of the applicant's goods in commerce," *id.* at 1306, i.e., to a mark that consumers associate with a producer or distributor rather than with the product itself.

As evidence that a mark has acquired secondary meaning, courts will accept direct evidence of customer confusion, or, because direct evidence may be difficult to find, evidence from consumer surveys showing a likelihood of confusion. *Union Carbide Corp. v. Ever–Ready, Inc.*, 531 F.2d 366, 382 (7th Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976).

The appellant relies upon the Affidavit of Robert Marshall as evidence of actual confusion. This evidence alone, I believe, creates a material issue of fact as to whether "Best Buy" has acquired a secondary meaning in greater Kansas City that merits trademark protection.

In addition, the appellant (on appeal and in its motion for reconsideration) points to a survey conducted by the appellee as evidence that a potential for confusion existed. In that survey, 215 of 301 people surveyed associated the name "Best Buy" with a retail store in the Kansas City area. Of 301 people surveyed, 135 indicated that they expected stores with the names "Best Buy Office Furniture," "Best Buy Superstores," "Best Buy Motors," and "Best Buy Warehouse" to be associated in some way. Some 119 of those 135 people expected the association because of the inclusion of the words "Best Buy" in the names.

Appellant sent the survey results to its expert, who concluded, on December 5,

---

\* The Hon. James B. McMillan, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

1. The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

1989 (after defendants had been granted summary judgment) that:

> there exists a substantial likelihood of confusion between Plaintiff's use of the names Best Buy Warehouse or Best Buy Office Furniture, and Defendant's use of the names [sic] Best Buy Superstores.

The above direct evidence of actual confusion and survey evidence of the likelihood of confusion creates a material issue of fact as to whether or not "Best Buy" has acquired a secondary meaning in greater Kansas City that merits trademark protection.

Because I believe that the phrase "Best Buy" is descriptive rather than generic, and that a material issue of fact exists as to whether the phrase "Best Buy" has acquired a secondary meaning in the greater Kansas City area that merits trademark protection, I respectfully dissent.