929 F.2d 382
 59 USLW 2636, 19 Fed.R.Serv.3d 1143,
18 U.S.P.Q.2d 1394
 FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF COUNCIL
BLUFFS, a federal corporation, Appellee,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LINCOLN, a
federal corporation, and First Federal Savings and
Loan Association of Lincoln, Iowa, a
federal corporation, Appellants.
 No. 90-2342SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 11, 1991.
Decided March 28, 1991.
 
 Joel D. Heusinger, Lincoln, Neb., for appellants.
 Thomas M. White, Bruce D. Vosberg, Fitzgerald, Schorr, Barmettler & Brennan, Omaha, Neb., for appellee.
 Before LAY, Chief Judge, McMILLIAN and ARNOLD, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 This case is about two savings and loans with similar names: First Federal Council Bluffs and First Federal Lincoln. That similarity ordinarily would not present a legal problem. For several reasons, however, in this case it does. Until 1988 there was only one First Federal in Council Bluffs, Iowa--First Federal Savings and Loan Association of Council Bluffs. That changed when First Federal Savings and Loan Association of Lincoln, Nebraska bought a defunct savings and loan in Council Bluffs. After First Federal Council Bluff's request that the new institution use a different name went unheeded, it took the matter to federal court. First Federal Council Bluffs sought an order prohibiting First Federal Lincoln from competing unfairly by using part of its name--First Federal--in Pottawattamie County. (Council Bluffs is in Pottawattamie County.) The District Court[1] granted the requested injunction after a trial of several days.
 
 
 2
 The Court came to three main conclusions: that "First Federal" was a protectable, descriptive service mark; that in Pottawattamie County, "First Federal" meant First Federal Savings and Loan Association of Council Bluffs; and that customer confusion had resulted, and would result, from having two savings and loans with such similar names. The Court went on to hold that First Federal Council Bluffs was thus entitled to protection of its service mark. Finding neither a material error of fact nor a mistake of law in the District Court's well-reasoned opinion, we affirm.
 
 
 3
 On appeal First Federal Lincoln attacks the District Court's decision on all fronts. It argues that the Court erred in finding that "First Federal" is a descriptive rather than a generic term. The defendant also sees error in the finding that the term "First Federal" had acquired secondary meaning in Pottawattamie County. First Federal Lincoln further contends that the evidence of customer confusion in that area after it opened for business is too thin to support this injunction. Finally, the defendant attacks the court order itself as overly broad and so vague that it cannot be followed. We will consider each contention in turn.
 
 
 4
 Generic terms are not protected by the trade- and service-mark laws. They sweep too broadly to warrant protection, describing not only a particular product or service but also a type or kind of product or service. First Federal Lincoln contends that "First Federal" is a generic term. It points out that there are almost 300 savings and loans nationwide with these two words in their name. That is because federally regulated savings and loans are required to have the word "Federal," or something similar, in their names. 12 U.S.C. Sec. 1464(a)(1); 12 C.F.R. Sec. 543.1(a) (1988). The term "First Federal" is generic, the argument runs, because it is just an abbreviation of the legally required and generic "federal savings and loan." The defendant argues further that the generic rather than descriptive nature of the term "First Federal" is revealed if you break it into "First" and "Federal." Each part of the term is so general that it makes the whole unprotectable as a service mark.
 
 
 5
 We are not persuaded by either contention. Taking the last point first, this case is not about two terms, but one: First Federal. Moreover, the regulatory background does not do the work here that First Federal Lincoln's argument requires. "Federal savings associations" is how the statute names these institutions. 12 U.S.C. Sec. 1464(a)(1). By regulation, however, "a Federal association's title shall include the word 'Savings' and in some manner indicate that it is a Federal association." 12 C.F.R. Sec. 543.1(a) (1988) (emphasis added). The name First Federal Savings and Loan Association of Council Bluffs springs, then, from among regulatory alternatives rather than from a regulatory mandate. Most telling is the District Court's finding that people don't refer to these kinds of institutions in the way First Federal Lincoln suggests. "The term [First Federal] is not the same as savings and loan institutions generally. One does not say that he or she is going down to the 'First Federal' to deposit some money or take out a loan. Rather, one would say that he or she is going to the 'savings and loan,' or more likely, to the 'bank'...." Civil No. 88-92-W, Memorandum and Order 10 (July 9, 1990). This reference to ordinary conversation exposes the categorical nature of a generic term, a characteristic absent from this case. Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 751-52 (8th Cir.1980). In sum, we see no clear error in the District Court's finding that the term "First Federal" describes a first-rate (or first in time in the area), federally chartered savings and loan, and is thus not generic.
 
 
 6
 Only some descriptive terms, however, are protectable as service marks. Such a term becomes protectable when it conjures up a particular service or product in the minds of customers. We likewise find no error in the District Court's conclusion that the term First Federal has acquired such a secondary meaning. That is, in Pottawattamie County, "First Federal" means First Federal Savings and Loan Association of Council Bluffs. Until 1988, First Federal Council Bluffs had been the only savings and loan with "First Federal" in its name in that county since 1955. We, like the District Court, are unpersuaded that First Federal Lincoln's advertising on Nebraska television stations and in Nebraska newspapers that reached Council Bluffs upsets a finding of exclusive use. Neither the few, original First Federal Lincoln depositors in Pottawattamie County, nor the large number of institutions around the country with First Federal in their name, counsel a different result.
 
 
 7
 The plaintiff's experts testified that in and around Council Bluffs, "First Federal" means First Federal Council Bluffs. This secondary meaning is understandable given the institution's thirty years of community involvement and support. Nor do we discern the alleged bias advanced by First Federal Lincoln to cast doubt on the witnesses' conclusions. While some of those individuals were once employed by First Federal Council Bluffs, not all were. These connections were an obvious opportunity on cross examination. And the record is tellingly barren of any contrary testimony about the local meaning ascribed to the term "First Federal." This line of attack is thus unavailing.
 
 
 8
 First Federal Lincoln also contends--as another way of showing that the link between the term "First Federal" and First Federal Council Bluffs is not so strong as the District Court thought--that the evidence of customer confusion is insignificant. According to the defendant, whatever initial misunderstandings there might have been about the relationship between the two institutions have now faded. We disagree. Here again the plaintiff's experts concluded that confusion was very likely. These institutions offer nearly identical services. Their main offices are within a block of each other. Their abbreviated names are nearly identical. We agree with the District Court that confusion was and is very likely.
 
 
 9
 This conclusion is borne out by the substantial evidence of misdirected telephone calls, mail, and business. If a sophisticated federal agency such as the Federal Home Loan Bank Board, for example, had trouble telling the two savings and loans apart, how would the ordinary consumer fare? Not too well, according to the evidence: on the day before trial, job applicants showed up at the wrong institution. First Federal Lincoln makes much of the lack of a comprehensive survey to demonstrate customer confusion. We see no legal problem here. First, while often noting that competent surveys are direct and persuasive evidence of customer attitudes, this Court has never said that such a survey is an essential ingredient of a successful service-mark or trademark claim. See, e.g., Anheuser-Busch, Inc. v. Stroh Brewery Co., 750 F.2d 631, 639 (8th Cir.1984). Surveys are undoubtedly helpful, but that is not the same as essential. Second, there is a survey in this record. The District Court's determination that the defendant's own survey supports a finding of confusion is not clearly erroneous. First Federal Lincoln surveyed all of the new customers it acquired by purchasing the troubled savings and loan in Council Bluffs and another in a neighboring county. The overwhelming majority of that group of individuals--a group more informed about savings and loans than the average consumer, given their recent experience--either did not know if the two First Federals were connected, or thought they were part of the same institution. Memorandum and Order 5. This evidence solidifies the Court's finding of actual and potential confusion.
 
 
 10
 We agree, then, with the District Court's findings and conclusions. The ordinarily descriptive term "First Federal" acquired a special meaning in Pottawattamie County. When a second First Federal, First Federal Lincoln, opened for business there, understandable confusion resulted. Further, the outlook was for more confusion because of the many similarities between the two institutions. The District Court was thus correct in protecting the first "First Federal," First Federal Council Bluffs, in the use of that service mark.
 
 
 11
 First Federal Lincoln also finds fault with the injunction we uphold in this appeal. The defendant charges that the order is too broad and vague to follow. We are not persuaded. That the order is comprehensive is not a defect, since the harm it seeks to prevent is equally extensive. Fed.R.Civ.P. 65(d). The order provides in relevant part: "[T]he Defendant [First Federal Lincoln] shall be precluded from using the service mark or trade name 'First Federal' in connection with its savings and loan institutions in Pottawattamie County, Iowa...." Memorandum and Order 20. First Federal Lincoln's argument from uncertainty is disingenuous. There is nothing in this order that a good-faith reading would not make clear.
 
 
 12
 More serious to this injunction's future is the fact that First Federal Council Bluffs no longer exists. The institution has been purchased and renamed by yet another savings and loan association. But this does not necessarily mean the injunction must be dissolved. The new savings and loan plans to capitalize on First Federal Council Bluffs' good name by advertising itself as the "former First Federal." This seems a quite reasonable strategy. It may be sufficient to support a continuation of the injunction for as long as the identification with the former institution is used by the new owners. We leave that issue to the informed discretion of the District Court in the first instance. First Federal Lincoln is free to bring the matter to that Court's attention by moving to dissolve or modify the injunction.
 
 
 13
 The injunction is affirmed. The cause is remanded for trial on the issue of damages, and for any modifications to this injunction necessary to do justice between these parties and their successors.
 
 
 
 [1]
 The Hon. Donald E. O'Brien, United States District Judge, for the Northern and Southern Districts of Iowa, Chief Judge of the Northern District