**K'S MERCHANDISE MART, INC., Plaintiff,**

v.

**KMART CORPORATION, Defendant.**

No. 99–2296.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Jan. 25, 2000.

Donald W. Rupert, Joan L. Long, Douglas M. Eveleigh, Mayer Brown & Platt, Chicago, IL, Joseph D. Murphy, Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, Champaign, IL, for plaintiff.

Gerald T. Tschura, Troy, MI, for defendant.

## ORDER

McCUSKEY, District Judge.

On December 1, 1999, Plaintiff K's Merchandise Mart, Inc. filed a complaint against Defendant Kmart Corporation. In that complaint, Plaintiff alleges that it has protectable trademark rights in the slogan *"Changing for the Better Every Day,"* and that Defendant has infringed those rights by using a confusingly similar slogan in its advertising campaign. Based on Defendant's use of the slogan, Plaintiff alleges trademark infringement under section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)), a violation of the Illinois Uniform Deceptive Trade Practices Act (815 Ill.Rev.Stat. 510/2 §§ 2, 3, & 12), and unfair competition under Illinois common law. In addition, Plaintiff has moved for a preliminary injunction to enjoin Defendant from further use of the offending slogan in advertising.

The court heard evidence on the motion for preliminary injunction on December 7, 1999, and ordered the parties to submit supplemental briefs addressing various points raised in the parties' initial memoranda and at the hearing. The parties filed their respective briefs on December 17, 1999, and replies thereto on December 27, 1999. In addition, Plaintiff moved to strike an exhibit pertaining to Defendant's prior use of the slogan that Defendant had attached to its reply brief.

The court has now carefully considered all the parties' briefs, as well as the evidence presented at the hearing and the law governing trademark infringement. Based on that review, the court concludes that Plaintiff has not established a likelihood of success on the merits because it has not established that the slogan is a protectable mark. Accordingly, for the reasons that follow, the court DENIES Plaintiff's Motion for Preliminary Injunction (# 4). Furthermore, because the court finds that Plaintiff has not made the threshold showing that it has a protectable mark, the court need not reach the issue to which the contested exhibit pertains. The court therefore DENIES Plaintiff's Motion to Strike (# 19) that exhibit as MOOT.

## BACKGROUND

Plaintiff is a retailer of a wide variety of products, including toys, electronics, and jewelry. Plaintiff sells its products both through its catalog and from its sixteen retail showrooms, which are located throughout Illinois, Iowa, Missouri and

Indiana. Defendant is a national discount retailer that sells items similar to those that Plaintiff offers.

About three years before filing this suit, Plaintiff started a remodeling project to give its stores a more updated look. Since then, Plaintiff has invested heavily in this project, and sought an advertising campaign to capture its new direction. After consulting an outside advertising firm, Plaintiff selected the slogan *"Changing for the Better Every Day"* as the cornerstone of its new advertising campaign.

Plaintiff began using this slogan in advertisements in November of 1998. At that time, Plaintiff ran three different radio commercials on five radio stations in the Decatur, Illinois area. Each commercial ended with the phrase *"K's Merchandise is Changing for the Better Every Day."* From that time until March of 1999, Plaintiff sent letters to its vendors and issued press releases bearing the *"Changing for the Better Every Day"* slogan. In July of 1999, Plaintiff again ran radio advertisements on three radio stations in the Champaign, Illinois area. Each of these commercials ended with the slogan *"Changing for the Better Every Day."* In August of 1999, Plaintiff ran additional radio advertisements in Illinois, Iowa, Indiana, and Missouri. Each ended with the statement that *"K's Merchandise is Changing for the Better Every Day."* Later that month, Plaintiff distributed about 500,000 copies of its 1999–2000 catalog to its sixteen stores. These catalogs prominently displayed the slogan *"Changing for the Better Every Day."*

Meanwhile, in October of 1997, Defendant ran a television commercial. That commercial was set to a song, which included the lyrics *"changing for the better."* A year later, in October of 1998, Defendant ran another television commercial, which ended with the announcer proclaiming *"Big Kmart, it's a big change for the better."* The following March and April, Defendant ran television commercials that ended with the text *"Changing for the*

*Better Every Day"* displayed on the final frame. On September 22, 1999, Defendant launched a national advertising campaign featuring a popular country music duo, who sing the phrase *"changing for the better every day"* numerous times during the commercial. The commercial ends with the text *"Changing for the Better"* displayed prominently.

On April 30, 1999, Plaintiff filed an Intent–to–Use application with the United States Patent and Trademark Office ("PTO"). In that application, Plaintiff sought to register the slogan *"Changing for the Better Every Day"* as a service mark. A short time later, on June 11, 1999, Defendant filed its own Intent–to–Use application with the PTO seeking to register the slogan *"Changing for the Better."* The PTO, however, promptly informed Defendant of Plaintiff's earlier application to register a similar slogan. Sometime thereafter, the PTO informed Plaintiff that its proposed mark appeared to be entitled to registration, and that it would be published so that anyone opposing its registration could object.

On September 26, 1999, Plaintiff's advertising agency informed Plaintiff that Defendant was using a slogan similar to its own. Shortly thereafter, Plaintiff filed a complaint with this court alleging that it has a protectable mark in the slogan *"Changing for the Better Every Day,"* and that Defendant's advertising campaign infringes on that mark. In addition, Plaintiff moves under Federal Rule of Civil Procedure 65 for a preliminary injunction against Defendants. Specifically, Plaintiff asks the court to enjoin Defendants from: (1) using the slogan *"Changing for the Better"* as a trademark or portion of a trademark; and (2) using any other marks or engaging in any other conduct that is likely to cause confusion, mistake, deceive, or otherwise mislead the public into believing that Defendant is in some way connected to Plaintiff. For the following reasons, that motion is denied.

### ANALYSIS

■ Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. When considering a motion for a preliminary injunction, a court must weigh a number of factors. First, it must determine whether the moving party has demonstrated some likelihood of prevailing on the merits, and irreparable harm if the injunction does not issue. If the movant has done so, the court must next balance the relative harms the parties will suffer if the motion is granted or denied. Finally, the court must consider the effect its decision will have on the public interest. *Grossbaum v. Indianapolis Marion County Bldg. Auth.*, 100 F.3d 1287, 1291 (7th Cir.1996), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997).

■ The threshold issue in determining whether a preliminary injunction should issue on a claim of trademark infringement is whether the plaintiff is likely to prevail on merits. *Glen Raven Mills, Inc. v. Ramada Int'l, Inc.*, 852 F.Supp. 1544, 1547 (M.D.Fla.1994). In the preliminary injunction context, a "likelihood of ·success" exists if the movant shows that it has a "better than negligible" chance of succeeding on the merits. *International Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988) (*citing Curtis v. Thompson*, 840 F.2d 1291, 1296 (7th Cir.1988)). In a case of alleged trademark infringement, the movant shows a likelihood of success by establishing first that it has a protectable mark, and then that a "likelihood of confusion" exists between the marks or products of the parties. *International Kennel Club*, 846 F.2d at 1079 (*citing A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903, 906 (7th Cir.1986)).

Plaintiff must therefore first establish that its slogan *"Changing for the Better*

*Everyday"* is a protectable mark.[1] The goal of trademark protection is to allow a firm to affix an identifying mark to its product or service that will enable consumers to discover with minimal time and effort whether a particular brand belongs to that firm or its competitor. *See W.T. Rogers Co. v. Keene*, 778 F.2d 334, 338–39 (7th Cir.1985). To be entitled to protection, the mark need not be the name of the brand; it need not even be a word. It can be a slogan, a symbol, a combination of words and .symbols, an ornamental feature, a distinctive shape, or something else intended to remind the consumer of the brand. *Blau Plumbing, Inc. v. S.O.S. Fix–It, Inc.*, 781 F.2d 604, 609 (7th Cir.1986). However, a "trademark, even a registered one, is not a property right, like a copyright or a patent, but merely an identifier of source." *Door Sys., Inc. v. Pro–Line Door Sys., Inc.*, 83 F.3d 169, 173 (7th Cir.1996). Trademark protection depends solely on public reaction to the mark in the marketplace rather than on the similarity of competitor's configurations. *Kohler Co. v. Moen, Inc.*, 12 F.3d 632, 637 (7th Cir.1993).

Although Plaintiff's slogan is not yet registered, it may still be entitled to protection under section 43(a) of the Lanham Act. However, Plaintiff bears the burden of establishing that its unregistered slogan qualifies for that protection. *Platinum Home Mortgage Corp. v. Platinum Fin. Group*, 149 F.3d 722, 727 (7th Cir.1998) (*citing Mil–Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir.1996)). To determine whether a trademark warrants protection, a court must determine the mark's place on the spectrum from generic to arbitrary. At one end of the spectrum lie generic terms, which can never function as a trademark. In the middle lie descriptive terms, which may be protected only after acquiring secondary meaning. *Liquid Controls Corp. v. Liquid*

---

1. Specifically, Plaintiff applied to register the slogan as a service mark, as opposed to a trademark. That distinction does not affect this court's analysis, as 15 U.S.C. § 1053 states that service marks "shall be registrable,

in the same manner and with the same effect as are trademarks, and ... shall be entitled to the protection provided in this chapter in the case of trademarks." 15 U.S.C. § 1053 (West 1999).

*Control Corp.,* 802 F.2d 934, 935 (7th Cir. 1986). A mark acquires a secondary meaning when the "consuming public comes to associate it with the particular brand of the seller who wants to use it as a trademark." *Door Sys.,* 83 F.3d at 172. On the other end of the spectrum are suggestive, arbitrary, and fanciful terms, which are protected without a showing of secondary meaning because they are inherently distinctive. *See Boston Beer Co. v. Slesar Bros. Brewing Co.,* 9 F.3d 175, 180 (1st Cir.1993); *Miller Brewing Co. v. G. Heileman Brewing Co.,* 561 F.2d 75, 79 (7th Cir.1977), *cert. denied,* 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978).

In this case, Defendant asserts that Plaintiff's slogan is merely descriptive, and therefore not entitled to protection absent proof that it has acquired a secondary meaning.[2] In response, Plaintiff asserts that the slogan is suggestive, and therefore a secondary meaning is not required to invoke trademark protection. In so arguing, Plaintiff relies heavily on the PTO's preliminary approval of its application to register the slogan. In particular, Plaintiff points out that the same principles guiding the PTO in determining whether a proposed mark qualifies for registration also guide courts in determining whether an unregistered mark is entitled to protection. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (*citing Inwood Lab., Inc. v. Ives Lab., Inc.,* 456 U.S. 844, 858, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)).

Plaintiff is correct the principles guiding the two inquiries are the same. Nevertheless, its reliance is misplaced. Simply put, the PTO's preliminary approval does not insulate Plaintiff's proposed mark from Defendant's charge of descriptiveness. Unlike a patent or a copyright, a trademark is not a property right, but "merely an identifier of source." *Door Sys.,* 83 F.3d at 173. Trademark rights are established by the adoption and use of a mark— not by registration. *See S Indus., Inc. v. Diamond Multimedia Sys., Inc.,* 991 F.Supp. 1012, 1018 (N.D.Ill.1998). Thus, even a registered mark may be challenged as descriptive. *See Door Sys.,* 83 F.3d at 172 (*citing Liquid Controls,* 802 F.2d at 938) (cautioning that the "presumption of validity that federal registration confers . . . evaporates as soon as evidence of invalidity is presented"). Registration of a trademark simply shifts the burden of proof from the plaintiff to the defendant, who must then introduce sufficient evidence to rebut a presumption that the plaintiff has the right to exclusive use. Thus, even if Plaintiff's slogan were already registered—which it is not—that fact alone would not preclude a successful challenge to its protectability. *Door Sys.,* 83 F.3d at 172 (*citing Liquid Controls,* 802 F.2d at 938); *see also Talk to Me Products, Inc. v. Larami Corp.,* 804 F.Supp. 555, 563 (S.D.N.Y.1992), *aff'd,* 992 F.2d 469 (2d Cir.1993) (finding descriptive term "Soaker" not entitled to trademark protection despite PTO's preliminary approval of mark for registration).

Thus, the court must determine whether the slogan is descriptive or suggestive despite the PTO's preliminary approval. A descriptive mark is one that "conveys an immediate idea of the ingredients, qualities or characteristics" of a good or service. *Abercrombie & Fitch Co. v. Hunting*

---

2. Both at that hearing and in their respective briefs, the parties primarily concentrated on issues concerning seniority of use of the slogan and whether it had been used in interstate commerce. Neither party focused much attention on whether the slogan itself was protectable. As a result, the court ordered the parties to submit briefs specifically addressing seniority of use and whether Plaintiff's intrastate use invoked the Lanham Act's protection. In so ordering, however, the court made clear that the parties were not limited to addressing those particular issues in their briefs. The parties complied with that order and filed supplemental briefs and replies thereto. In addition to addressing the particular concerns raised by the court, Defendant contested in its supplemental brief that the slogan was a protectable mark, arguing that it was merely descriptive. Plaintiff responded to that argument accordingly in its reply brief.

*World, Inc.*, 537 F.2d 4, 11 (2d Cir.1976). A term is descriptive if it literally describes the product, or describes the purpose and utility of the product. *Talk to Me Products*, 804 F.Supp. at 562 (*quoting Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.*, 973 F.2d 1033, 1040 (2d Cir. 1992)). A term need not depict the service itself to be considered descriptive; it need only refer to a characteristic of the service. *Forum Corp. of North America v. Forum, Ltd.*, 903 F.2d 434, 444 (7th Cir.1990). A mark that merely praises the superiority of a product or service is also considered descriptive because self-laudatory or puffing marks are simply a condensed way to describe its character or quality. 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 11:17 (4th ed.1996).

In contrast, a suggestive term is one that "suggests rather than describes an ingredient or characteristic of the goods and requires the observer or listener to use imagination and perception to determine the nature of the goods." *Miller Brewing Co.*, 561 F.2d at 79. As the Seventh Circuit has explained, "the 'imagination' required to link a suggestive term with the corresponding product 'refers to the mental process required to connect a name that is incongruous or figurative with the product (e.g., 'Roach Motel' with an insect trap or 'TIDE' with soap)....'" *G. Heileman Brewing Co. v. Anheuser–Busch Inc.*, 873 F.2d 985, 997 (7th Cir.1989) (*quoting G. Heileman Brewing Co., Inc. v. Anheuser–Busch Inc.*, 676 F.Supp. 1436, 1491 n. 46 (E.D.Wis.1987)).

■ Often, distinguishing between suggestive and descriptive terms is a difficult task. This case, however, presents no such difficulty. Plaintiff selected the slogan *"Changing for the Better Every Day"* to convey that it has improved and will continue to improve its business. The slogan does not suggest that message to consumers—it tells them directly and literally. Someone hearing the slogan would understand its laudatory message about the di-

rection of Plaintiff's business without using his or her imagination. Thus, the slogan is clearly descriptive. A review of trademark cases from this and other circuits in which marks were held descriptive further supports that conclusion. *See Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1059 (7th Cir.1995) (finding that term "Sweet–Tart" describes a sweet and tart cranberry juice drink); *Forum Corp.*, 903 F.2d at 444–45 (finding that term "Forum" describes training seminar services); *Henri's Food Prods. Co. v. Tasty Snacks, Inc.*, 817 F.2d 1303, 1305 (7th Cir.1987) (finding that term "Tast–Tee" describes salad dressing); *Walt–West Enter., Inc. v. Gannett Co., Inc.*, 695 F.2d 1050, 1056 (7th Cir.1982) (finding that term "FM 107" describes an FM radio station broadcasting at 107.5 megahertz); *Bristol–Myers*, 973 F.2d at 1040–41 (finding "PM" for analgesic pain reliever with a sleep aid descriptive); *Bernard v. Commerce Drug Co.*, 964 F.2d 1338, 1341 (2d Cir.1992) (finding term "Arthriticare" for analgesic gel designed to relieve arthritis pain descriptive); *Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1524 (11th Cir.1991), *cert. denied* 502 U.S. 1005, 112 S.Ct. 639, 116 L.Ed.2d 657 (1991) (finding financial services company's service mark "Investacorp" descriptive rather than suggestive because customer observing mark need not exercise imagination to understand that company gives investment advice); *PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558, 563–64 (2d Cir.1990) (finding term "PaperCutter" for corporation that sells paper designs and ornaments descriptive); *Remington Prods., Inc. v. North Am. Philips Corp.*, 892 F.2d 1576, 1580–82 (Fed.Cir.1990) (finding term "Travel Care" for clothes iron descriptive); *Co–Rect Prod., Inc. v. Marvy! Adver. Photography, Inc.*, 780 F.2d 1324, 1331–32 (8th Cir.1985) (finding advertising expression "he can save you enough money to pay his own salary" referring to bartender using particular type of measuring device descriptive); *Stop & Shop Supermarket Co. v. Big Y Foods, Inc.*, 943 F.Supp. 120, 121

(D.Mass.1996) (finding supermarket's first use in advertising of phrase "It's That Simple" to describe "scan saver" card used by customers in lieu of coupons did not qualify as trademark use; phrase was merely descriptive of use of card, and such isolated uses could not serve to create secondary meaning in phrase).

Accordingly, because the slogan is merely descriptive, Plaintiff may not preclude others from using it unless it can show that the slogan has acquired a secondary meaning. To make that showing, Plaintiff must demonstrate that the consuming public has come to associate the slogan with Plaintiff's business. *Door Sys.*, 83 F.3d at 172. To determine whether a slogan has acquired a secondary meaning, the court must examine several factors, including "[t]he amount and manner of advertising, volume of sales, the length and manner of use, direct consumer testimony and consumer surveys." *Union Carbide Corp. v. Ever–Ready, Inc.*, 531 F.2d 366, 380 (7th Cir.1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976).

Plaintiff has not specifically argued or presented evidence that the slogan *"Changing for the Better Every Day"* has acquired a secondary meaning. Instead, it has relied primarily upon its argument that the slogan is suggestive and therefore protectable without such a showing. In any event, based on the evidence presented at the preliminary injunction hearing, it is unlikely that Plaintiff could make such a showing. Plaintiff began using the slogan in November of 1998 in radio commercials throughout the Decatur, Illinois area. It used the slogan on vendor letters throughout the winter and spring of 1999. The following summer, Plaintiff ran more radio commercials using the slogan. Finally, in August of 1999, Plaintiff distributed to its stores copies of its catalog, which displayed the slogan. Given that fairly minimal level of exposure, the court could not find without engaging in rampant speculation that a substantial portion of the consuming public has come to associate the slogan *"Changing for the Better Every Day"* specifically with Plaintiff's business.

Thus, the court finds that Plaintiff has failed to show that the slogan *"Changing for the Better Every Day"* is a protectable mark. Without a protectable mark, Plaintiff is not entitled to trademark protection, and therefore the court need not consider whether the parties' use of their respective slogans gives rise to a likelihood of confusion to conclude that Plaintiff has failed to establish a likelihood of success on the merits. Furthermore, because Plaintiff has not shown that the slogan is a protectable mark under the Lanham Act, Plaintiff has not shown a likelihood of success on its claims under Illinois law either. Claims for unfair competition and deceptive trade practices brought under Illinois law are to be resolved according to the general principles set forth under the Lanham Act. *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir.1983). Thus, Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Thompson v. Spring–Green Lawn Care Corp.*, 126 Ill. App.3d 99, 81 Ill.Dec. 202, 466 N.E.2d 1004 (1st Dist.1984). Moreover, because Plaintiff has not met its threshold requirement of demonstrating a likelihood of success on the merits, the court need not consider the other factors relevant to the issuance of a preliminary injunction. *See Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir.1993) (*citing Curtis v. Thompson*, 840 F.2d 1291, 1296–97 (7th Cir.1988)) (stating that "[i]f it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms").

## CONCLUSION

The court finds that the slogan *"Changing for the Better Every Day"* is descriptive, and that Plaintiff has, at this stage, failed to establish that the phrase has acquired a secondary meaning. Without such a showing, the slogan is not entitled to

trademark protection, and cannot provide the basis for a successful trademark infringement suit. Thus, Plaintiff has failed to establish a likelihood of success on the merits of its claims against Defendant, and has therefore failed to make the threshold showing necessary for this court to enjoin Defendant's use of the slogan. The Motion for Preliminary Injunction (# 4) is therefore DENIED. In addition, because the contested exhibit had no bearing on the court's decision, Plaintiff's Motion to Strike (# 19) Defendant's exhibit is DENIED as MOOT.