MCKILLIP INDUSTRIES, INC. d/b/a
USA/Docufinish, an Illinois
corporation, Plaintiff,

v.

INTEGRATED LABEL CORP.,
an Illinois limited liability
company, Defendant.

No. 06C3279.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 21, 2006.

Jacqueline A. Criswell, Panagiotis V. Albanis, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, Chicago, IL, for Plaintiff.

JOn A. Birmingham, Fitch, Even, Tabin & Flannery, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff McKillip Industries, Inc. d/b/a USA/Docufinish ("Docufinish") has moved for summary judgment on all three counts of the complaint on grounds that the terms "integrated labels," "integrated cards" and "integrated forms" are generic. Defendant Integrated Label Corp. ("Label") opposes summary judgment and has moved to strike a number of the exhibits submitted by Docufinish in support of its motion for summary judgment. For the following reasons, plaintiff's motion for summary judgment is denied and the motions to strike are moot.

### I.

The mark "Integrated Labels" has been federally registered by defendant Label.[1] (Pl.Exh. G.) Label has also filed applications for federal trademark registration for the terms "Integrated Cards" (Pl.Exh. H.) and "Integrated Forms." (Pl.Exh. I.) Label is in the business of selling these products. Plaintiff Docufinish is in the same business. The parties describe an "integrated label" as a kind of removable label incorporated into a form, which is manufactured from the same paper stock. The front of the form is die cut into the desired label size and shape for removal, while the liner remains intact. Integrated labels can be used to make shipping labels, packaging slips, work orders, bar coded labels, registration forms and invoices. An integrated card consists of a base document and a backing laminate and in some instances a face laminate. The product is die cut into a card shape through the face laminate and carrier, but is not through the back patch so that the card can then be peeled from the carrier. Integrated cards can be used to make insurance cards, membership cards, rolodex cards, pre-paid phone cards, business cards and direct mail cards. An integrated form is the form that has been combined with a card or label.

### II.

■ Summary judgment is only appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgement as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp,* 165 F.3d 1087, 1090 (7th Cir.1999); Fed.R.Civ.P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). I do not make "credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir.2003). "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment should be de-

---

1. The U.S. Patent and Trademark Office issued Registration No. 3029056 for "Integrated Labels" for use with business forms to Label on December 13, 2005. (Pl.Exh. G.)

nied. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

■■ Docufinish argues the terms "integrated labels," "integrated cards," and "integrated forms" are generic and not entitled to trademark protection. "A generic term is one that is commonly used as the name of a kind of goods." *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir.1986); *see also Door Systems, Inc. v. Pro–Line Door Systems, Inc.*, 83 F.3d 169, 171 (7th Cir.1996) (A generic term "is a word that denotes the product rather than any of the brands of the product.") (citations omitted). The determination of genericness of a mark is generally a question of fact that cannot be resolved on summary judgment unless "the evidence is so one-sided that there can be no doubt about how the question should be answered." *Id.*

■■ The registered mark at issue here is subject to a presumption of validity which can be rebutted. *Id.* at 172 (the function of the presumption "is to incite such evidence, and when the function has been performed the presumption drops out of the case") (citations omitted). The burden is on Docufinish to overcome the presumption as well as to show that there is no genuine issue of material fact. *See Liquid Controls*, 802 F.2d at 937.

In support of its motion, Docufinish first presents evidence of dictionary definitions. There are no dictionary entries for the combined terms "integrated labels/cards/forms." [2] Plaintiff instead supplies the dictionary definition of "integrated." Webster's II New Riverside University Dictionary defines "integrated," in relevant part, as: "1. To make into a whole by bringing all parts together: unify. 2. To join with something else:

unite." *See also* Merriam–Webster Collegiate Dictionary (10th ed.1996) ("Formed or united into a whole"). Plaintiff argues that in conjunction with the words "label/card/form" these denote a product genus.

■■ The Seventh Circuit has warned that "[d]issecting marks often leads to error. Words which could not individually become a trademark may become one when taken together." *Union Carbide Corp. v. Ever–Ready Inc.*, 531 F.2d 366, 379 (7th Cir.1976) (superseded in part by statute); *see also Door Systems*, 83 F.3d at 171 ("Seven–Up" is a trademark even though component words are generic); *Mil–Mar Shoe Co., Inc., v. Shonac Corp.*, 75 F.3d 1153, 1161 n. 15 (7th Cir.1996) ("Apple Computers" is a trademark although component words are generic). Although some composite terms may be "nothing more than the sum of their parts," *see Liquid Controls*, 802 F.2d at 938, I find *Door Systems* controlling here. The fact that the dictionary contains separate entries for the definitions of "integrated" and "label/card/form" thus does not weigh in favor of a finding of genericness. *Door Systems*, 83 F.3d at 171 (the fact that component words of a mark appear in the dictionary "in itself cannot count for much").

■■ Although there are a number of other sources that may be consulted in determining whether a term is generic, the remainder of plaintiff's evidence is limited to use of the terms by competitors. "Significant use of a term by competitors in the industry has traditionally been recognized, along with dictionary evidence, as indicating genericness." *Mil–Mar Shoe*, 75 F.3d at 1159 (citations omitted). Plain-

---

**2.** Webster's II New Riverside University Dictionary (1984) does contain an entry for "integrated circuit": "n. A tiny wafer of substrate material on which a complex of electronic component and their interconnections is etched or imprinted."

tiff's exhibits include of a number of web-page printouts, business directories, and copies of trade journals which reference "integrated labels/cards/forms" or contain advertisements that do. Overall, this evidence does not extinguish the existence of an issue of material fact. *See Horizon Mills Corp. v. QVC Inc.*, 161 F.Supp.2d 208, 219–20 (S.D.N.Y.2001) (denying summary judgment where the evidence presented to show genericness consisted exclusively of competitor's use, specifically "60 examples of the term's media usage from 1991 to the present-in magazine and newspaper articles, trade publications, and Internet advertisements"); *Energy Servs. Air Conditioning & Heating Co., Inc., v. Nicor, Inc.*, No. 97 C 373, 1997 WL 790725, at *6–7, (N.D.Ill. Dec. 22, 1997) (Holderman, J.) (denying summary judgment despite voluminous exhibits of "news articles, corporate reports, judicial decisions, federal and state statutes, federal trademark registrations, and the names of registered corporations in Illinois, Indiana, and Wisconsin" that used the phrase at issue).

With regards to the web-page printouts, in an accompanying affidavit, counsel for Docufinish explains these documents are the result of a "Google search" only for the combined terms "integrated labels/cards/forms." (Exh. K, Albanis Aff. at ¶ 2.) The search does not appear to have been geographically restricted in any way. (*Id.*) Plaintiff's search is self-selective, for the search was conducted only for the specific terms at issue and would not yield web-pages that refer to the same product in terms other than "integrated labels/cards/forms."[3] Some of these web-pages also include some additional terms that refer to the product, such as "inte-

grated patch label" and "label/form combination."

Overall, the media sources relied on by Docufinish are ambiguous as to the relevant public perception of the product at issue. Docufinish argues the only relevant perception is that of "distributors of integrated labels and manufacturers of business forms who do not make these particular products." (Pl. Reply at 7.) It is clear from the description of the products, however, that they are marketed not just within the printing industry, but to a much broader consumer base including the end users of the products, which could be a wide range of businesses. (*See* Exh. D.) Accordingly, the trade journals of the printing industry that have been submitted are not sufficient to test genericness. The test is the common usage or understanding by the usual buyer and other relevant members of the public. *See Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 905 (7th Cir.1983) ("What do the buyers understand by the word for whose use the parties are contending?") (quoting *Bayer Co. v. United Drug Co.*, 272 F. 505, 509 (S.D.N.Y. 1921) (Learned Hand, J.)); *Horizon Mills*, 161 F.Supp.2d at 213 ("A term is generic when the majority of the buying public associates the term with a product, rather than the source of the product") (citations omitted); *Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F.Supp. 1522, 1525–26 (S.D.Fla.1988) *aff'd* 894 F.2d 412 (11th Cir. 1990) (phrase "chicken tenders" was held not be a generic name to the general consuming public for chicken parts, even though it might be regarded as a generic name within the chicken industry); 2 McCarthy on *Trademarks and Unfair Competition* § 12:4 (2006 4th ed.). Although the members of the printing indus-

---

**3.** When attempting to reproduce this search, a web-page appears which asserts that "carrier labels" are also known as integrated labels.

*See* Labels First Ltd. <*www.labelsfirst.com/ productsrange.asp*>.

try identified by Docufinish may consist of a segment of the usual buyers, the trade journals cannot be considered representative of all of the ultimate buyers' perceptions, for these are not exclusively members of the printing industry. Moreover, the majority of the references and advertisements in the trade journals to "integrated labels/card/forms" do not contain any definition or explanation of the products and could potentially refer to more than one type of label, card, or form.

Docufinish also argues, based on these competitor advertisements, that the printing industry would be prevented from adequately describing their products if Label's trademark is not revoked. It argues that the terms "integrated labels/card/forms" are so ingrained to the public that attempts to describe the product through alternate terms would be fruitless. The limited evidence presented does not dictate such a conclusion. As described, some of the evidence even includes other terms to refer to these products.

In summary, the phrases at issue do not appear in the dictionary, although the component words do. *See Door Systems,* 83 F.3d at 171. There is no evidence that "integrated label," like "door systems," appears in the yellow pages. *Id.* There is some evidence that some competitors use the terms, but precisely how far this extends into the relevant public perception and in any given geographical region is unclear. On this record, summary judgment is inappropriate. *See id.* at 171, 172–73. Accordingly, plaintiff's motion is denied.

### III.

For the reasons stated herein, I deny plaintiff's motion for summary judgment.

Defendant's motions to strike are denied as moot.